MoFarlakd, J.,
delivered tbe opinion of tbe court:
Tbe note, or bill single, in controversy, was originally made payable to tbe several persons wbo sol'd tbe slave, tbe consideration oí tbe note; but when tbe note is produced upon tbe beginning of this litigation, it appears -that all tbe names of tlio payees bave been stricken out, by drawing lines across tliem, except one, J ames W. Gillespie, and on this ground, tbe maker of tbe note (Locke) pleaded non est factum to tbe action at law. Tbis was a material change of tbe obligation, and if made by tbe obligees, or owners of the note, or any of them, without tbe knowledge or consent of -the obligor,' it would amount, in law, to an alteration, and would be fatal to a recovery. If tbe names were stricken out by a stranger, it would be termed a-“spoliation,” and a recovery might be bad npon it, if enough remained to determine its identity and its terms; otherwise, secondary evidence might be resorted to. Crockett v. Thomason, 5 Sneed, 342 [344-5].
It does not appear in tbe present case who made tbe change in tbe writing, bnt it appears that tbe obligor, Locke, did not know of or consent to tbe change, and it was incumbent upon tbe parties claiming, under tbe -note, and wbo produced it, to explain tbe alteration, which they bave failed to do, and there can be no recovery upon it.
Tbe complainant, wbo claims to be tbe equitable owner *30 of tlie note, can stand upon no higher ground and claim no greater right than the payees of the note.
The complainant can have no recovery against Locke upon the footing of the original consideration, because the slave was not sold to the defendant Locke, but to his sister, and Locke only became bound by his note, if at all; and, secondly, the note, or bill 'single being out of the way, any indebtedness arising upon the original sale of the slave is clearly barred by the statute of limitation, which ivas pleaded and relied upon.
The decree of the chancellor, dismissing the bill, will be affirmed. The complainant will pay the costs of this court, the costs of the court below, as decreed by the chancellor.